UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL MOLANARE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:17-cv-318 |
| v. | ) |
| | ) |
| SAMUELS JEWELERS, INC. | ) |
| | ) |
| Defendant. | ) |

## Complaint & Jury Demand

1. The Plaintiff, Michael Molanare, sues the Defendant, Samuels Jewelers, Inc., for disability discrimination.

2. The Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

3. Plaintiff worked for Defendant from on or about November 23, 2015 to June 1, 2016.

4. Plaintiff was an employee of Defendant as defined by 42 U.S.C. § 12111(4).

5. Defendant employs more than 15 employees.

6. Defendant is an employer as defined by 42 U.S.C. § 12111(5).

7. Plaintiff worked for Defendant in Indianapolis, Indiana.

8. Plaintiff was the district sales manager.

9. Plaintiff was responsible for Indiana, Ohio, Idaho and Oregon.

1

10. Defendant agreed to pay Plaintiff approximately $85,000.00 per year in salary plus benefits and potential bonuses.

11. Plaintiff had over two decades of experience in the jewelry business.

12. In 2015 Defendant contacted Plaintiff through a headhunter.

13. Defendant flew Plaintiff to Austin, Texas for an interview in November 2015.

14. The interview went well.

15. Defendant hired Plaintiff.

16. Defendant paid for Plaintiff to move to Indiana.

17. Dale Hamerick was the regional vice-president that hired Plaintiff.

18. Hamerick is based out of Austin, Texas.

19. In addition to Hamerick, Plaintiff met with Sterling Pope at the hiring interview.

20. Pope is Defendant's Chief Operating Officer (COO).

21. In addition to Hamerick and Pope Plaintiff interviewed with two foreign nationals at the hiring interview.

22. Plaintiff was an employee in good standing.

23. On April 4, 2016, Plaintiff went to a hospital in Indiana for heart problems

24. Plaintiff texted Hamerick from the hospital.

25. Plaintiff stayed home on April 5, 2016.

26. Plaintiff went back to work on April 6, 2016.

27. Plaintiff worked from April 6, 2016 through May 12, 2016.

28. On May 12, 2016, Plaintiff had a stroke.

29. On the day of his stroke Plaintiff was meeting with Defendant's store manager in Springfield, Ohio.

30. After the May 12, 2016 meeting Plaintiff went to an emergency room in Indiana.

31. From the hospital Plaintiff texted Pope regarding his stroke.

32. Plaintiff also communicated that he had a stroke to Hamerick.

33. Plaintiff was in the Indiana hospital for five days.

34. On May 18, 2016, Plaintiff flew to Florida for a medical appointment regarding his stroke of May 12th.

35. The trip to Florida was approved by Pope.

36. On May 30, 2016, Plaintiff emailed Pope, who directed Plaintiff to get ahold of Hamerick.

37. Plaintiff contacted Hamerick to advise that he was coming back to work.

38. On June 1, 2016 Plaintiff had a conference call with Hamerick and Defendant's human resources employee.

39. During the call Plaintiff was told: "Due to your health we do not believe you can handle your job responsibilities. Today will be your last day."

40. Plaintiff was dumbfounded.

41. Plaintiff was able to perform his job.

42. Defendant records calls.

43. Based upon information and belief, Defendant has a copy of the telephone conference terminating Plaintiff.

44. Defendant fired Plaintiff because of his disability.

45. Defendant fired Plaintiff because it regarded Plaintiff as disabled.

46. Defendant discriminated against Plaintiff in violation of 42 U.S.C. § 12112.

47. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission in Indianapolis, Indiana within 180 days of suffering an adverse employment action.

48. Plaintiff submitted his charge of discrimination to the EEOC via letter dated June 14, 2016.

49. The EEOC issued a right to sue letter dated December 22, 2016.

50. This lawsuit is being filed within 90 days of the EEOC right to sue notice.

51. Defendant is an entity covered by the ADA-AA.

52. Plaintiff was protected by the ADA-AA.

53. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

54. Plaintiff suffered an adverse employment action due to being disabled, having a record of disability and/or being regarded as disabled.

55. Plaintiff was a qualified individual.

56. Plaintiff was able to perform his job when he was fired.

## Count I – Disability Discrimination based upon Disability

57. Plaintiff reincorporates paragraphs 1 through 57 as if fully stated herein.

58. Plaintiff suffers from a disability as defined by 42 U.S.C. § 12102(1).

59. Plaintiff has a physical impairment that substantially limits one or more major life activities.

60. Plaintiff's disability was caused from his stroke of May 12, 2016.

61. Defendant knew that Plaintiff suffered from a physical impairment that substantially limited one or more major life activities.

62. Due to Plaintiff's impairment Defendant fired Plaintiff on or about June 1, 2016.

63. Defendant violated the American with Disabilities Amendments Act.

Wherefore, Plaintiff demands trial by jury, back pay, front pay if reinstatement is not feasible, compensatory damages, punitive damages, attorneys' fees, costs and all other relief the Court deems appropriate.

## Count II – Disability Discrimination based upon the Record of Disability

64. Plaintiff reincorporates paragraphs 1 through 57 as if fully stated herein.

65. Plaintiff suffers from a disability as defined by 42 U.S.C. § 12102(1).

66. There is a record of Plaintiff's impairment.

67. Defendant was aware that Plaintiff suffered a stroke.

68. Defendant was aware that Plaintiff sought medical treatment in Indiana and Florida for his stroke.

69. Defendant knew that there were medical records documenting Plaintiff's impairment when it chose to terminate Plaintiff.

70. Defendant fired Plaintiff because he had a record of impairment.

Wherefore, Plaintiff demands trial by jury, back pay, front pay if reinstatement is not feasible, compensatory damages, punitive damages, attorneys' fees, costs and all other relief the Court deems appropriate.

## Count III – Disability Discrimination based upon being Regarded as Disabled

71. Plaintiff reincorporates paragraphs 1 through 57 as if fully stated herein.

72. Plaintiff suffers from a disability as defined by 42 U.S.C. § 12102(1).

73. Defendant regarded Plaintiff as disabled.

74. Defendant did not think Plaintiff could perform his work due to having a stroke coupled with heart issues.

75. Defendant fired Plaintiff because it regarded Plaintiff as disabled.

Wherefore, Plaintiff demands trial by jury, back pay, front pay if reinstatement is not feasible, compensatory damages, punitive damages, attorneys' fees, costs and all other relief the Court deems appropriate.

## Count IV – Failure to Accommodate

76. Plaintiff reincorporates paragraphs 1 through 57 as if fully stated herein.

77. Plaintiff was entitled to modify his schedule from May 12, 2016 to early June 2016 due to his disability.

78. Defendant was aware of 42 U.S.C. § 12111(9).

79. Defendant knew that Plaintiff needed a few weeks to recover from his stroke.

80. Defendant made no attempt to reasonably accommodate Plaintiff.

81. In fact, Defendant fired Plaintiff within a month of his stroke and refused to allow Plaintiff to come back to work in early June 2016 when he was able to come back.

82. Defendant discriminated against Plaintiff.

Wherefore, Plaintiff demands trial by jury, back pay, front pay if reinstatement is not feasible, compensatory damages, punitive damages, attorneys' fees, costs and all other relief the Court deems appropriate.

Respectfully submitted this 31st day of January 2017,

/s/ *Bernard R. Mazaheri*
Bernard R. Mazaheri
BMazaheri@forthepeople.com
Morgan & Morgan
333 W Vine St Ste 1200
Lexington, KY 40507
Ph: 859-219-4529
Counsel for Plaintiff